UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN COOMES Self-Representation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 1:21-cv-00084-JPH-MJD |
| ) | |
| REPUBLIC AIRWAYS INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff, John Coomes, brought this lawsuit against his former employer, Republic Airways, Inc., alleging wrongful termination of his employment. Dkt. 1-2 at 1–2. Republic has filed a motion to dismiss for failure to state a claim. Dkt. [9]. For the reasons that follow, that motion is **DENIED**.

I.
**Facts and Background**

Because Republic has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). The Court also considers EEOC Charge Number 470-2020-01840, which Mr. Coomes filed with the EEOC in June 2020 and attached to his complaint. ("Exhibit A"). Dkt. 1-5. *See Willliamson v. Curran*, 714 F.3d 432 (7th Cir. 2013) (documents attached to and referenced in a complaint "become" part of it and may be considered when assessing "a motion attacking the sufficiency of the complaint.").

Mr. Coomes worked as a pilot for Republic for about six years. Dkt. 1-2 at 1 ¶ 1. During that time, Mr. Coomes filed two charges of discrimination with

1

the EEOC, in 2018 and 2019, in which he alleged that Republic discriminated against him based on age and sex. Exhibit A at 2. Republic "does not dispute that Coomes engaged in statutorily protected activity when he filed his two (2) prior EEOC charges of discrimination." Dkt. 10 at 17.

Later, Mr. Coomes assisted a co-worker, Scott Bacon, in preparing to file an EEOC charge against Republic for age discrimination. *Id.*; Dkt. 1-2 at 2 ¶ 5. Republic eventually learned about Mr. Coomes's actions, *id.* at ¶ 6, and in February 2020, terminated his employment, citing his assistance with Mr. Bacon's EEOC claim. *Id.* at 1–2 ¶¶ 4, 7.

Mr. Coomes filed a complaint against Republic in state court, asserting claims for a violation of Title VII of the Civil Rights Act and state law retaliatory discharge. *Id.* at 1. Republic removed the case to this Court, dkt. 1, and has filed a motion to dismiss. *See* dkt. [9].[1]

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is

---

[1] Republic makes no separate argument about the state-law claim, therefore the Court will not address it in this order.

one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

### III.
### Analysis

#### A. Title VII Retaliation

Title VII prohibits employers from retaliating against employees who engage in a protected activity. 42 U.S.C. § 2000e–3(a). To state a Title VII retaliation claim, a complaint must allege "(1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two." *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 566 (7th Cir. 2019). Republic argues that Mr. Coomes fails to state a claim because his assistance to Mr. Bacon does not constitute protected activity and any protected activity that Mr. Coomes may have engaged in was not causally connected to his termination. *Id.* at 7–14.

#### 1. Protected Activity

An employee has engaged in "protected activity" under Title VII if he "has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e–3(a). "While certain

3

conduct may constitute both opposition and participation, other actions will only be considered opposition or participation." *Speedy v. Rexnord Corp.*, 243 F.3d 397, 405 (7th Cir. 2001).

Republic argues that Mr. Coomes's "legal representation of an individual in . . . pre-EEOC charge filing and pre-hearing threats of litigation" does not constitute protected "participation" activity. Dkt. 10 at 8. Instead, those activities were a conflict of interest, sufficient to justify termination. *Id.* Mr. Coomes responds that assisting Mr. Bacon with his EEOC charge was protected activity under Title VII's "expansive" definition of "participation" and "opposition." Dkt. 14 at 2–3.[2]

Mr. Coomes alleges that he "participated in a protected activity when he assisted a coworker in an EEOC claim." Dkt. 1-2 at 2 ¶ 11. Specifically, that he "assisted a co-worker . . . with an age discrimination issue that was filed as an EEOC Charge." Dkt. 1-2 at 2 ¶ 5; *see also* Exhibit A. Mr. Coomes has also alleged that Republic knew that Mr. Bacon's Title VII claim was forthcoming, that it would likely allege issues of discrimination, and that Mr. Coomes was assisting in its filing. Dkt. 1-2 at ¶5-6. *See Hobgood v. Illinois Gaming Bd.*, 731 F.3d 635, 642 (7th Cir. 2013) ("The relevant time for [establishing the employer's] knowledge [of a claim] . . . is when the alleged retaliation took place, not the time the protected activity occurred.").

---

[2] Mr. Coomes's complaint asserts only that he "participated in protected activity", dkt. 1-2 at ¶11, so the Court limits its analysis to that context.

"[F]ederal notice pleading requires the plaintiff to set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice." *Speedy*, 243 F.3d at 405 (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993)). A complaint that "specifically references [plaintiff's] actions of assisting [co-workers] in advancing their EEOC charges" puts a defendant on "notice that [plaintiff's] claim could include any activity which would fall under the participation provision of § 2000e-3." *Speedy*, 243 F.3d at 405. Mr. Coomes's allegations, therefore, are enough to put Republic on notice of the alleged protected activity.

Republic also argues that, because Mr. Coomes was acting as private counsel "pre-EEOC charge filing" he cannot claim the protections of Title VII. Dkt. 10 at 9. The Seventh Circuit precedent that Republic cites in support of this argument rejected a plaintiff's claim that participation in an internal investigation before charges were filed with the EEOC was protected activity under Title VII. *Hatmaker v. Memorial Med. Ctr.,* 619 F.3d 741, 745 (7th Cir. 2010). *Hatmaker*, however, involved a company's internal investigation, not employee-to-employee assistance with an EEOC claim, which has been found to constitute protected activity. *Speedy*, 243 F.3d at 405; *Hobgood*, 731 F.3d at 642. Whether Mr. Coomes's role as private counsel in assisting his co-worker takes his conduct out of the realm of Title VII's protection is not clear at this stage in the proceedings.

5

To be sure, there are limits to what type of conduct is protected under Title VII. *Hatmaker*, 619 F.3d at 745 (noting that frivolous, prejudicial, or false accusations in an EEOC complaint do not "immunize" an employee from adverse employment action.) Title VII does not, for example, protect conduct that is "excessively disloyal or hostile or disruptive and damaging to the employer's business." *Mozee v. Jeffboat, Inc.*, 746 F.2d 365, 374 (7th Cir. 1984). Although Republic described Mr. Coomes's legal representation of Mr. Bacon as "a conflict of interest" and "adverse," it characterized his conduct as "excessively disloyal" for the first time in its reply brief. Dkt. 17 at 7. This argument is therefore not considered at this stage. *White v. United States*, 8 F.4th 547 (7th Cir. 2021). But even if it were, the record before the Court does not foreclose Mr. Coomes's claim.

Mr. Coomes has alleged enough at this pleading stage to raise the inference that his assisting Mr. Bacon could have been protected activity and to put Republic on notice of his claims.

### 2. Causation

Republic "vehemently disputes the existence of a causal connection between Mr. Coomes's filing of the previous EEOC charges of discrimination and his termination." Dkt. 10 at 10. Mr. Coomes responds by pointing to an "ongoing campaign of retaliation" that began after his first EEOC filing in 2018 and culminated in his termination after he "helped [Mr. Bacon] to establish and file a claim of discrimination under Title VII with the EEOC and request a settlement" from Republic. Dkt. 14 at 7-8 ¶¶ 12-15.

6

Here, both parties agree that "Republic terminated Coomes' employment because of his" representation of Mr. Bacon, dkt. 10 at 15; dkt. 1-2 at 2 ¶7. Ultimately, therefore, Republic's causation argument turns on whether Mr. Coomes's assistance with Mr. Bacon's EEOC case was protected activity. As explained above, Mr. Coomes has alleged protected activity. And Mr. Coomes's complaint states that the activity "is directly connected to the adverse action of termination." *Id.* ¶ 13. Therefore, there is enough in the complaint to put Republic on notice that Mr. Coomes was alleging a causal connection. *Speedy*, 243 F.3d at 405.

Republic raised further causation arguments in its motion to dismiss regarding pretext and direct versus circumstantial evidence of retaliation. But these arguments are inherently fact intensive and rarely subject to resolution on a motion to dismiss. *Speedy*, 243 F.3d at 405 (the complaint need only "provide the defendant with fair notice" of the claims).

Republic has raised a host of defenses in justifying its decision to fire Mr. Coomes. While one or more of these defenses may prove meritorious on a developed factual record, "the plausibility standard is not akin to a 'probability requirement.'" *Iqbal*, 556 U.S. at 678. Mr. Coomes's allegation that he helped Mr. Bacon with an EEOC claim and that his termination was the result of that involvement, dkt. 1-2 at 2 ¶ 5–8, is enough to plead a plausible claim for retaliatory termination under Title VII.

## IV.
## Conclusion

Republic's motion to dismiss is **DENIED**. Dkt. [9].

7

**SO ORDERED.**

Date: 9/29/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

David J. Carr
ICE MILLER LLP (Indianapolis)
david.carr@icemiller.com

John Joseph Coomes
johncoomes@coomeslaw.com

Paul Conrad Sweeney
ICE MILLER LLP (Indianapolis)
paul.sweeney@icemiller.com